**IN THE COURT OF APPEALS OF IOWA**

No. 15-0759
Filed May 25, 2016

**STATE OF IOWA,**
　　　　Plaintiff-Appellee,

**vs.**

**JAZMOND TURNER,**
　　　　Defendant-Appellant.
_____

　　　　Appeal from the Iowa District Court for Scott County, Christine Dalton,

District Associate Judge.


　　　　A defendant appeals his conviction for eluding.  **AFFIRMED.**


　　　　Micki Mayes of Micki M. Mayes Law Firm, Davenport, for appellant.

　　　　Thomas J. Miller, Attorney General, and Kelli Huser, Assistant Attorney

General, for appellee.


　　　　Considered by Tabor, P.J., and Bower and McDonald, JJ.

**TABOR, Presiding Judge.**

Jazmond Turner challenges his eluding conviction, contending the State presented insufficient proof he was the driver who willfully failed to stop after receiving a signal from police. Because the State presented the testimony of two police officers who were close enough to Turner's vehicle to identify him as the driver, we find substantial evidence to uphold the conviction.

## I.      Facts and Prior Proceedings

In the afternoon of October 20, 2014, Davenport Police Officer Bryant Wayland pulled his patrol car into a gas station on Brady Street. He was investigating reports of high school students fighting in the area. While parked, Officer Wayland saw a gray Chevy Trailblazer pull into the station. The driver of the Trailblazer did not get gas or enter the store. The driver circled the gas pumps and left, even though pumps were available for fueling.

The Trailblazer came within one car length of the officer, who recognized the driver from a previous interaction. Officer Wayland ran the license plate number and learned the Trailblazer was registered to Jazmond Turner. The information provided to the officer included a driver's license photograph of Turner. The photo matched the officer's observation of the driver.

The officer also learned Turner had a temporary restricted license, which would normally allow the driver to travel only from home to work. The officer noted Turner was not headed in the direction of his residence. Officer Wayland followed the Trailblazer, which started to slow down and pull to the side of the road. At this time, Officer Wayland turned on his emergency lights and briefly activated his siren. Before the uniformed officer could open his door, the

Trailblazer "took off at a high rate of speed." Officer Wayland called dispatch to report Turner's action and the Trailblazer's license plate number.

After hearing the dispatch, Officer Robert Welch saw the Trailblazer stopped at a stop sign. Office Welch also ran the license plate and viewed the same driver's license photo of Turner. Officer Welch testified he was five to eight feet away from the Trailblazer and saw the driver through an open window. He believed the driver matched Turner's license photo. Officer Welch also recognized Turner from a prior interaction. He then radioed to Officer Wayland the location where he had seen the Trailblazer but did not pull the vehicle over. Because of a departmental policy regarding high-speed chases, neither officer pursued the Trailblazer.

A short time later, another officer responded to the address listed on the Trailblazer's registration and found the vehicle parked there. Turner, who was twenty-five years old, testified he lived at that address, but he denied driving the Trailblazer the afternoon of October 20. Turner testified he let his eighteen-year-old brother use it that day.

The State charged Turner by trial information with serious misdemeanor eluding or attempt to elude, in violation of Iowa Code section 321.279(1) (2013), as well as driving in violation of a restricted license, in violation of Iowa Code section 321.193. Turner appeared for a jury trial on April 6, 2015. At the conclusion of the State's case, the district court dismissed the restricted-license count in response to Turner's motion for judgment of acquittal. On the eluding count, Turner argued the State offered "insufficient evidence to identify Turner as the driver of the Trailblazer when it drove off from Officer Wayland." The court

allowed the eluding count to be decided by the jury. The jury found Turner guilty of eluding, and he now appeals that conviction.

## II. Standard of Review

We review sufficiency-of-the-evidence claims for correction of legal error. *State v. Edouard*, 854 N.W.2d 421, 431 (Iowa 2014). In determining if the evidence is sufficient to support a guilty verdict, we consider "all of the record evidence in the light most favorable to the State, including all reasonable inferences that may be fairly drawn from the evidence." *State v. Showens*, 845 N.W.2d 436, 439–40 (Iowa 2014). If substantial evidence supports the verdict, we will uphold it. *Id.* at 440.

## III. Substantial-Evidence Analysis

Turner argues his conviction should be reversed because the State did not offer substantial evidence to show he was driving the Trailblazer when it eluded Officer Wayland. He points to his trial testimony that he allowed his brother to borrow his vehicle around noon, and he did not see it again until 4:00 p.m. when it was parked at his house. Turner testified he looks very similar to his brother.

Turner acknowledges both Officer Wayland and Officer Welch identified him as the driver of the Trailblazer at trial. But Turner claims on appeal it was "unreasonable" to believe they "got a good look" at him given the timing and their concentration on retrieving the vehicle registration. The officers were not hesitant in affirming that it was Turner who they saw behind the wheel that day.

Viewing those identifications in the light most favorable to the State, the district court properly allowed the jury to determine whose testimony to believe. *See State v. Mitchell*, 568 N.W.2d 493, 503 (Iowa 1997) (recognizing witness

credibility is generally left to the jurors).  "The jury is free to believe or disbelieve any testimony as it chooses and to give weight to the evidence as in its judgment such evidence should receive.  In fact, the very function of the jury is to sort out the evidence and 'place credibility where it belongs.'"  *State v. Thornton*, 498 N.W.2d 670, 673 (Iowa 1993) (quoting *State v. Blair*, 347 N.W.2d 416, 419–20 (Iowa 1984)).  We find no reason to disturb the jury's verdict.

**AFFIRMED.**